### David M. Richardson v. John Woehler.

*Mechanic's contract of service: Stipulated damages.* A contract allowing stipulated damages for the breach of a mechanic's contract of service, is not necessarily void in all cases, but to be valid it must provide for some fixed and reasonable sum or limit of forfeiture, which is not oppressive or unequal in its effect on the parties.

*Stipula'ed damages: Unreasonable forfeiture.* A contract forfeiting all wages which may be due at the time of leaving (where a party leaves without right),

RICHARDSON v. WOEHLER.

without confining the amount to any fixed sum or proportion of wages for the year, or for any given time, is not reasonable, and will not be enforced.

*Piecework.* Where the workman is employed at piecework, and not paid by fixed wages at given periods, stipulated damages must be for some fixed amount or maximum.

*Stipulated damages: Want of mutuality.* A forfeiture of thirty days' wages against the employer, for his own default, is too vague and indeterminate, as a consideration, to sustain a forfeiture of unpaid wages against a workman engaged in piecework; and such a stipulation against the workman, is void for want of mutuality.

*Heard October 25. Decided October 29..*

Error to Wayne Circuit.

*Ward & Palmer* and *C. I. Walker*, for plaintiff in error.

*Otto Kirchner*, for defendant in error.

CAMPBELL, J.

Woehler sued Richardson for wages, and the latter set up in defense the contract of service, which was that, if Woehler left Richardson's employ without giving thirty days' notice, he was to forfeit all wages due to him at the time of leaving; while Richardson, in like manner, was to give him thirty days' notice before dismissal, or pay him thirty days' wages. The court below gave judgment for the wages claimed, and in the absence of proof of actual damage, refused to allow any reduction. The wages recovered were for piece-work done between February 1 and February 17, 1872.

The only question presented is, whether the agreement concerning the retention of unpaid wages, can be enforced as an agreement for a compensation in the nature of stipulated damages.

We have no difficulty in holding that the injury caused by a sudden breaking off of a contract of service, by either party, involves such difficulties concerning the actual loss, as to render a reasonable agreement for stipulated damages.

appropriate.    If a fixed sum, or a maximum within which wages unpaid and accruing since the last pay-day might be forfeited, should be agreed upon, and should not be an unreasonable or oppressive exaction, there would seem to be no legal objection to the stipulation, if both parties are equally and justly protected.

But the facts set forth in this record do not, we think, bring the case within any such rule.   We must be governed by the statement returned, and cannot go beyond what it fairly allows us to infer.    The forfeiture under the contract covers all wages due at the time of leaving.    This is open to the objection that the employer may have been in arrears, and thus enabled to profit by his own wrong.    No such forfeiture could be enforced against wages, as such, which the workman was entitled to have paid to him before he committed any breach of his duty.    Again, it does not appear how often wages were payable, and what proportion of the year's earnings could thus be withheld for a breach of contract.    It would. not be reasonable to make the forfeiture cover a very long period.    We cannot know these terms judicially.

The inference, in the absence of proof to the contrary, would be, that the price of work done by the piece, might not be payable at the same intervals as ordinary wages. And, inasmuch as the periodical earnings of such labor could not be uniform, it would be difficult to sustain an agreement for stipulated damages unless some limit should be fixed beyond which the forfeiture should not extend.

The agreement set out in the record is also defective for want of mutuality.   The employer, on failure to give notice before dismissal, is subjected to a payment of thirty days' wages.    This stipulation, when applied to the wages of piecework, is entirely vague and indeterminate.    It fur-

nishes no standard of calculation, and lacks the first essential of stipulated damages, which are allowed to avoid uncertainty.

We can see no ground, therefore, on which the claim of the plaintiff in error can be maintained on this record. The judgment must be affirmed, with costs.

The other Justices concurred.