## The Trustees of the First Orthodox Congregational Church of Middleville v. Stephen Walrath.

*Building contract: Forfeiture: Stipulated damages.* Where a building contract contains many and various conditions, a breach of some of which would be easily and fully compensated by damages readily proven, and where a breach of others would not necessarily involve more than trifling damages, a provision for the forfeiture of five hundred dollars in case of any failure to perform on either side will not be enforced by way of liquidated damages, though such be the expressed intent.

*Stipulated damages.* Former cases on the subject of stipulated damages collected and followed.

*Heard April 30. Decided May 6.*

Error to Barry Circuit.

*I. A. Holbrook* and *Norris & Blair*, for plaintiffs in error.

*Harvey Wright,* for defendant in error.

TRUSTEES FIRST ORTHODOX CONGREGATIONAL CHURCH, ETC.
v. WALRATH.

CAMPBELL, J.

The only question presented for decision under the assignment of errors in this case, relied on by plaintiff in error, is, whether it was proper to allow a sum of five hundred dollars as stipulated damages for breaches of contract. The assignment of errors is within the principle of *Mandigo v. Mandigo, 26 Mich., 349,* and sufficient for this purpose.

The contract sued on was a building contract containing many mutual conditions and stipulations as to time and manner of doing various parts and items of work, as well as in regard to payments. It ended as follows: "And for due time and faithful performance of all and every of the covenants and agreements above mentioned, the parties to these presents bind themselves each unto the other in the penal sum of five hundred dollars, as fixed and settled damages to be paid by the failing party."

If some particular provisions of the contract had been selected, for the failure to perform which no damages could be computed with reasonable correctness and certainty, and stipulated damages had been fixed for the breach of such provisions, fair and reasonable in amount, perhaps they might have been sustained. But many of the conditions of the contract before us are capable of adequate and exact vindication in pecuniary damages, and most of them could be compensated with very little difficulty. For some breaches of the contract five hundred dollars would be very much below the certain damages in money required for compensation, while for others, as, for example, for delays and variations in performance, it might be an exorbitant allowance. It is impossible to infer that it was deliberately intended that all of these failures to comply with the agreement should be placed on the same footing, and if it had been so intended, the stipulation would be too unreasonable to be enforced.

As this subject has been before the court on several

27 MICH.—30.

occasions, and has been discussed in the recorded opinions, it is not necessary to repeat the discussion.—See *Jaquith v. Hudson, 5 Mich. R., 123 ; Davis v. Freeman, 10 Mich. R., 188 ;. Daily v. Litchfield, 10 Mich. R., 29 ; Richardson v. Woehler, 26 Mich., 90.*

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.