. JAMES T. RENFROW, RESPONDENT, v. M. E. HARBER, APPELLANT.

Kansas City Court of Appeals.   June 29, 1925.

**1.—Appeal and Error.—Plaintiff Failing to Comply with Court Rule Held Not in Position to Take Advantage of Insufficiency of Abstract of Record.** Under requirements of Rule 15, plaintiff is held not to be in position to take advantage of insufficiency of abstract of record on appeal, because motion attacking sufficiency of record was not served on defendant ten days before day on which cause was docketed for hearing, and the objections were not served upon defendant within ten days after abstract was served.

**2.—Appeal and Error—Evidence—Husband and Wife—To Present Question of Competency of Witness on Appeals, Offer of Competent Evidence to be Given by Witness Should be Made and if Ruling Thereon Adverse, Exceptions Thereto Saved.** Under section 5415, Revised Statutes 1919, Laws 1921, p. 392, a wife is incompetent to testify as to admissions or confidential communications between husband and wife, and in an action for damages for alienation of the affections of plaintiff's wife, where wife's testimony was excluded for all purposes, defendant should make offer of competent evidence to be given by such witness and obtain a ruling thereon, which ruling, if adverse, should be saved by an exception thereto in order that ruling that wife's testimony was not competent for any purpose could be considered on appeal.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 825, n. 53; p. 890, n. 19; p. 912, n. 95; 4CJ, p. 499, n. 14.   Witnesses, 40Cyc, p. 2353, n. 4.

Appeal from the Circuit Court of Buchanan County.—Hon. W. H. Utz, Judge.

. AFFIRMED.

*W. K. Amick* for appellant.

*Sterling P. Reynolds* and *Duvall & Boyd* for respondents.

ARNOLD, J.—This is an action in damages for the alienation of the affections of plaintiff's wife. There was a verdict and judgment for plaintiff in the sum of $800, and defendant appeals.

By a motion filed in this court March 2, 1925, and served on counsel for defendant on February 24, 1925, plaintiff attacks the sufficiency of the abstract of the record. The cause was docketed for hearing and was heard March 5, 1925. The said motion is entitled "motion to affirm judgment," and this court is asked to dismiss the appeal or affirm the judgment, on the grounds (1) that appellant's abstract of the record proper fails to show the filing and overruling of motion for a new trial, and (2) that the abstract of the record proper fails to show that any bill of exceptions was signed by the judge and filed in said cause, and (3) fails to show that any bill of exceptions ever was filed.

That the charges against the sufficiency of the record proper are true is tentatively admitted by defendant, because in an endeavor to correct the error, on March 5th, the day on which the cause was docketed for hearing and heard in this court, defendant filed a certified copy of the record entries, including (1) the filing of a motion for new trial, (2) the overruling of same, (3) the order of court granting leave to file the bill of exceptions. For reasons hereinafter stated, we need not decide whether this attempted correction of the error is effectual or not. The amendment to our rule 15 provides:

"If in any case a respondent . . . desires to question the sufficiency of appellant's . . . abstract of the record . . . such objections and the reasons therefor shall be served in writing on appellant . . . ten days before the day on which the cause is docketed for hearing or within ten days after the abstract is served. Any such objections not so specified shall be deemed waived and will not be considered by the court. After service of such objections and reasons, appellant or plaintiff in error shall have eight days within which to perfect his abstract of the record by filing in this court a certified copy of so much of the record proper or bill of exceptions as will show the true entries, orders or rulings with respect to which the sufficiency of the abstract of the record is challenged."

The files herein show the abstract was served on plaintiff's counsel February 12, 1925, and that plaintiff's brief, including motion to affirm the judgment or dismiss the appeal, was served on defendant's counsel February 24th and, as stated, the cause was docketed for hearing and heard March 5, 1925. So that plaintiff is in no position to take advantage of the insufficiency of the record, because the motion attacking the sufficiency of the abstract was not served on defendant ten days before the day on which the cause was docketed for hearing, and because the objections were not served upon defendant within ten days after the abstract was served. These requirements are embodied in the amendment to our rule 15, above set out. While probably not material, under the circumstances, it is proper to say that defendant's attempt to correct the error by filing a cer-

tified copy of record entries, falls short of compliance with said rule, in that it was not filed within eight days after service of such objections and reasons. For the reasons above stated, plaintiff's motion to affirm the judgment or dismiss the appeal is overruled.

Proceeding then to a consideration of the appeal on its merits, we have before us the bill of exceptions which was approved and signed by the trial judge and made a part of the record herein. The bill of exceptions shows that defendant introduced evidence tending to prove all the allegations of the petition; that Minnie Renfrow was tendered as a witness by plaintiff with the statement that she was formerly the wife of James T. Renfrow, plaintiff herein, giving her resiedence as "617 Garden." Whereupon the following took place:

"MR. BOYD (plaintiff's counsel): "Now at this time we object to any testimony by this woman, because under the law she is an incompetent witness in this case.

"THE COURT: I am inclined to think, judge Amick, that she is an incompetent witness. Undoubtedly she could not testify to anything concerning their martial relations. Anything that she could possibly be competent for it might be something that happened after the time, but I don't know—

"MR. BOYD: Might it not be better for us to retire to your Honor's chambers and discuss this?

"THE COURT: Gentlemen of the jury, you will be excused for a little while."

(The jury then retired from the court room.)

"THE COURT: If you say so, now, Mr. Boyd, I will sustain your objection, and then we can thresh it out more thoroughly when it comes upon motion for a new trial. I have some little hesitancy as to saying that she is absolutely incompetent on all points. Now, you are objecting on the ground that she is absolutely incompetent?

"MR. BOYD: Entirely; yes, sir.

"THE COURT: Entirely?

"MR. BOYD: Yes, sir.

"THE COURT: Well, the objection will be sustained then."

To this ruling of the court the defendant saved his exceptions. Defendant thereupon introduced evidence in support of the allegations in his answer. Excepting as above indicated, the bill of exceptions fails to set out any of the evidence. It is parenthetically stated that the court gave instructions on the evidence introduced by both parties, but these instructions are not set out in the bill of exceptions.

The only point for determination on this appeal is whether or not the court erred in ruling that Minnie Renfrow was not competent to testify in the case for any purpose. Time was in this State when a wife was incompetent to testify for or against her husband in any

event, but this disability has been partially removed by statute. So far as is material to the issues here, we quote the provisions of section 5415, Revised Statutes 1919, as follows:

"No married woman shall be disqualified as a witness in any civil suit prosecuted in the name of or against her husband, whether joined or not with her husband as a party; . . . provided that nothing in this section shall be construed to authorize or permit any married woman, while the relation exists, or subsequently, to testify to any admission or conversation of her husband, whether made to herself or to third parties."

This section was repealed by the Legislature in 1921 (Session Laws 1921, p. 392.), and in lieu thereof the following section was enacted to be known as section 5415, which reads as follows:

"No married woman shall be disqualfiied as a witness in any civil suit prosecuted in the name of or against her husband, whether joined or not with her husband as a party; and no married woman shall be disqualified as a witness in any civil suit or proceeding prosecuted in the name of or against his wife, whether he be joined with her or not as a party; Provided that nothing in this section shall be construed to authorize or permit any married woman, while the relation exists, or subsequently, to testify to any admission or confidential communications of her husband, made to herself, and provided further that nothing in this section shall be construed to authorize or permit any married man, while the relation exists, or subsequently, to testify to any admission or confidential communications of his wife, made to himself."

The proviso therein excepts testimony relative to admissions or confidential communications between husband and wife. Outside of such restrictions, a husband or wife may testify, either in behalf of, or against, the other. The record herein discloses that the court excluded the wife's testimony for all purposes. There should have been an offer of competent evidence to be given by the witness and a ruling of the court obtained thereon, and if the ruling was adverse, to have saved an exception. [Boutrouss 1. Miller, 223 S. W. 889; State ex rel. v. Buckner, 207 Mo. App. 48, 54; Werner v. Finley, 144 Mo. App. 554, 562.]

The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.