Opal Tucker, by Next Friend, Mary Hayden, Respondent, v. Walter Tucker and Delia Tucker, Appellant.—31 S. W. (2d) 238.

Springfield Court of Appeals. September 25, 1930.

*A. R. Dunn* for appellant.

*Chas. E. Prettyman, Jr.* for respondents.

SMITH, J.—This case originated by the filing of a petition wherein the plaintiff charged the defendants with alienating the affections of her husband, Blaine Tucker, who was a son of the defendants, and for which alienation she prayed damages in the sum of five thousand dollars. Since there is no controversy over the pleadings it is not necessary to set them out. The answer was a general denial.

On the 7th day of March, 1929, trial was had to a jury and verdict returned for the plaintiff in the sum of two hundred dollars, and judgment entered accordingly.

The motion for new trial was overruled and defendants appealed to this court.

The abstract of the record before us contains this stipulation:

"It is hereby stipulated and agreed by and between C. E. Prettyman, attorney for plaintiff, and A. R. Dunn, attorney for defendants, that a full bill of exceptions is hereby waived and the only testimony to be transcribed and presented in the bill of exceptions is

that of Blaine Tucker, the husband of the plaintiff and the chattel mortgages introduced in evidence, Exhibits A and B, and such other further testimony as may be agreed upon between the parties, plaintiff and defendants.

"It is agreed between the parties, plaintiff and defendants, that the case is appealed solely on the point of whether or not the testimony of Blaine Tucker, the husband of the plaintiff, and the two mortgages introduced in evidence, Exhibits A and B, are admissible."

The record shows that the defendants produced as their witness Blaine Tucker, the husband of the plaintiff, who testified that he was married to the plaintiff, and that up to that time he had not been divorced from her, whereupon the following objection was made, with the court's ruling thereon:

"By Mr. Prettyman: Now the plaintiff objects to any questions asked this witness, as anything this witness might know would be of a confidential nature between man and wife, and is barred under the law of Missouri. In this case I call the court's attention to Session Acts of Missouri for 1921, page 392, and the defendants object to any testimony this witness might give. Let it further show this party is not a party to this case in question on trial here now.

"By the Court: The objection will be overruled, except the witness will not be permitted to testify to any confidential conversation between the two."

We think the Court's ruling at that time was correct and in keeping with the provisions of the statute as shown by the new section 5415, Session Acts 1921, at page 392, because said section as rewritten provided that the husband was a competent witness in all suits brought by his wife, with the provisions "that nothing in this section shall be construed to authorize or permit any married man, while the relation exists, or subsequently, to testify to any admission or confidential communications of his wife, made to himself."

The witness testified at length, over plaintiff's objections as to the conversations and difficulties which arose between him and his wife, the number of times they had separated, and the number of times they had become reconciled. He narrated several word fights that had occurred between him and his wife, always, as he said, she was at fault, with conversations and agreements of reconciliation, between him and his wife. Many of these difficulties and conversations were had in the presence of his parents or in the presence of other people, but several of them were had when no one was present except him and his wife. The witness testified as to how, at different times, when no one was present, they talked their troubles over and agreed to reconciliations, and even went to the extent

of relating the terms of reconciliation, but the gist of his testimony was that she was wholly at fault, and that his parents, the defendants, had nothing whatever to do with the trouble between him and his wife. We deem it not necessary to set this testimony out at length. It is sufficient to say that the witness testified to a rather gruesome state of affairs, many of the transactions occurred, so he said, in the presence of others, many of them in the home and other places when no one else was around except him and his wife. This witness was on the stand a part of two days, and at the conclusion of his testimony, the following objection was offered, with the Court's ruling thereon:

"By MR. PRETTYMAN: At this time we renew the objection to the testimony of the witness, Blaine Tucker, for the reasons given yesterday, and ask that the testimony of Blaine Tucker be excluded from consideration of the jury because it is shown by the testimony that Blaine Tucker was, at all times on matters he testified about, the husband of this plaintiff and has never been divorced up to the present time, at the time testimony was given, and which testimony is privileged communication and not competent for the consideration of this jury, and in consideration of that, the plaintiff shows to the court Session Acts 1921, page 392, an act under the statute, section 5415, and shows to the court that from the admission of the witness, Blaine Tucker, the matters he testified to, he obtained the knowledge while he was the husband of this plaintiff, and for the further reason, plaintiff shows to the court Missouri Appeal 192, page 221, the case of McKay v. McKay and asks the court to exclude the testimony of Blaine Tucker.

"By MR. DUNN: The testimony of the witness in this case is not of a confidential nature.

"By THE COURT: I will withhold a ruling on this until the testimony is all in."

Later witness Blaine Tucker was recalled in rebuttal and the record shows the following:

By MR. DUNN.

"By THE WITNESS: I am acquainted with Mrs. Harris, who was a witness yesterday.

"Q. I will get you to state if you heard a conversation between her and Mrs. Kelley Rhinehart in regard to her testifying? A. Yes, sir.

"By MR. PRETTYMAN: The plaintiff again objects to the testimony of Blaine Tucker for the reasons given in court that the stenographer has, we don't want to state publicly before the jury, and ask that this witness be not permitted to answer the question because of the confidential knowledge, and the fact he at all times named herein was the husband of the plaintiff, and objects to this question for those reasons.

"By the Court: Objection overruled.

"Q. Go ahead and tell the jury what you heard. A. She told Mrs. Rhinehart in the court hall down here she would have been on our side, but Tuckers got peeved. Just the words she said, and I heard her say it."

After the testimony had all been offered the court made the following ruling:

"By the Court: Gentlemen of the jury, the objections to the testimony of Blaine Tucker in this case except with reference to the rebuttal testimony of the witness Jane Harris, will be stricken from your consideration, and you are admonished not to consider it, all the testimony."

We think the trial court went too far in excluding all the testimony of Blaine Tucker, except that with reference to the testimony of rebuttal of Jane Harris.

When our statute was amended in 1921, the restrictions against a husband testifying for or against his wife were all removed except he was not authorized or permitted to testify to any admissions or confidential communications of his wife made to himself. The defendants contend it was error in not permitting all the testimony of Blaine Tucker to stand before the jury, and contend that the amended statute authorizes it, and that our courts have so held, and they relay on Miller v. Smith, 275 S. W. 769, and Renfrow v. Harber, 274 S. W. 103.

We think these cases do not throw the bars down entirely. In the case of Miller v. Smith, supra, after holding the husband was a competent witness to testify as to a contract made by his wife and as to services rendered by her, that opinion expressly recognized the proviso in the act of the Legislature as to a confidential communication between husband and wife while the relation exists, and expressly held that in no way affected the issues in that case. In the case of Renfrow v. Harber, supra, in discussing the very question raised here with the same section of the statute involved the court used this language:

"The proviso therein excepts testimony relative to admissions or confidential communications between husband and wife. Outside of such restrictions a husband or wife may testify, either in behalf of or against the other. The record herein discloses that the court excluded the wife's testimony for all purposes. There should have been an offer of competent evidence to be given by the witness and if a ruling was adverse, to have saved an exception. [Boutross v. Miller (Mo. Sup.), 223 S. W. 889; State ex rel. v. Buckner, 207 Mo. App. 48, 54, 229 S. W. 392; Werner v. Finley, 144 Mo. App. 554, 562, 129 S. W. 73.]"

In the Renfrow case the court as here, excluded all the evidence and the appellate court suggested in its opinion, as shown by the

above quotation, that there should have been an offer of competent evidence, and an exception save upon the trial court's refusal to admit it. In the present case the defendant offered all the evidence including some that was competent and some that was not competent, and we think it was error for the court to exclude the competent testimony because a part of the testimony was confidential. In the case of Colley v. Davis, 221 Mo. App. 748, 286 S. W. 412, it was held that a wife is a competent witness in a case of this kind.

What part of such testimony is competent and what is incompetent? What are confidential communications and admissions anyway? The courts have had a great deal to say about such evidence, and it appears to us that a path has been properly blazed, which if followed would eliminate a great deal of trouble. Our Supreme Court in defining "confidential communications" in the case of Long v. Martin, 152 Mo. 668, 674, 54 S. W. 473, used this very plain, unambiguous language: "Confidential communications between husband and wife are such as pass between them when they are alone." This case also holds that what is said by husband or wife while in the presence of a third party is not confidential communication. This case has been quoted with approval by the Supreme Court many times since the opinion was written, and of course followed by the appellate courts.

We hold in this case that the court erred in excluding the whole of this testimony, and since this case will have to be remanded, we suggest that a safe way in keeping with the holdings of our Supreme Court, would be to exclude all testimony as to admissions or communications passing between the husband and wife when they were alone, and which of its very nature was confidential.

We think there is no merit to the defendant's contention that the court did not properly exclude from the consideration of the jury the evidence of the chattel mortgages. None of the testimony is set out in the record except that of Blaine Tucker, and at the conclusion of all the evidence, the following remarks were made by the court to the jury: "Again the court admonishes you not to consider the testimony of Blaine Tucker, including the mortgages testified to, they are withdrawn from your consideration."

This can be construed in no other way than the withdrawing from the jury's consideration the mortgages.

For the error heretofore mentioned, the judgment should be reversed and the cause remanded for another trial. It is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.