JAMES M. REILLY, ADMINISTRATOR OF THE ESTATE OF WILLIAM BENNETT, DEC'D, Plaintiff in Error, v. ADALINE RUSSELL, EXECUTRIX OF THE ESTATE OF SAMUEL RUSSELL, DEC'D, Defendant in Error.

*Judgment—Estoppel.*—The action of the court refusing to set aside an order previously made upon motion of a party alleging that he had not appeared to, nor had notice of the motion upon which the order was made, concludes the party.

*Error to St. Louis Circuit Court.*

*Casselberry*, for plaintiff in error.

I. We contend that the numerous persons who claim an

interest in the judgment are not assignees in law or equity, because a part of a judgment or part of a chose in action cannot be assigned in law or equity so as to enable the assignee to sue.  The reason is given by the court in case of Love v. Fairfield, 13 Mo. 300, and by the Supreme Court of the United States in the case of Mandeville v. Welch, 5 Wheat. 277.

The pretended assignments specified in the record amount at best to a mere equitable lien on the fund specified in the judgment, and Bennett in his lifetime and his administrator since his death is the trustee or custodian of the money. The alleged assignments or orders are of no validity until allowed against the estate of Bennett.  A very similar principle to this was decided by this court more than thirty years ago in the case of Simonds v. Pettebone's Adm'r, 3 Mo. 33.

II. The administrator James M. Reilly is no party to the petition.  He should have been a party to the proceeding so as to give him an opportunity to defend the estate of which he is administrator.

III. The Circuit Court has no original jurisdiction in cases of this kind.  The only jurisdiction the Circuit Court has is on an appeal from the Probate Court.  By a reference to the record it will be seen that this is not an appeal case from the Probate Court, but a case which originated in the Circuit Court.

*Cline & Jamison,* for defendant in error.

I. There is no error in the action of the court below in making said distribution or in overruling said motion.  The St. Louis Circuit Court, in which said judgment was rendered, had the right and power to distribute the proceeds of said judgment among the equitable assignees.

II. The assignments of said William Bennett in his lifetime were equitable assignments of said judgment—Love v. Fairfield, 13 Mo. 300 ; Ashby v. Winston, 26 Mo. 210 ; Baker v. Stonebraker, 34 Mo. 172.

Lackland, Cline & Jamison, the attorneys who collected said judgment, had the right and it was their duty to distribute the proceeds of said judgment to said assignees under and according to said equitable assignments, and the power and authority therein contained but as a prudent measure and as a protection to them.

FAGG, Judge, delivered the opinion of the court.

The record in this case presents rather a singular state of facts. It appears that on the 30th day of January, 1861, William Bennett recovered a judgment against Samuel Russell for nine thousand three hundred and thirty-eight and 35-100 dollars ; that an appeal was taken to the Supreme Court and the judgment affirmed at the March term, 1864. At different periods during the year 1861 Bennett made an assignment of portions of the proceeds of said judgment to various creditors to an amount in the aggregate of about the same for which he had obtained judgment. The said several sums were to be paid out of the proceeds, when collected by the officer or other person authorized to receive the same. William Bennett died sometime thereafter, but at what precise period is not shown.

On the 20th of February, 1865, Lackland, Cline & Jamison, representing themselves as the attorneys of Reilly the administrator, and also of a portion of the parties holding these assignments, and uniting with the remainder of the assignees, presented their motion to the Circuit Court stating that the amount of said judgment had been paid to them, and asking for distribution of the same among all of said parties according to their respective rights. The order was made, and afterwards during the same day the said administrator Reilly appeared by another attorney, E. Casselberry, and filed his motion to have the order set aside and annulled for the reason that he was not a party to said proceedings and had no notice of it whatever. This motion was overruled on the first day of April following, and the case brought here by writ of error.

It is difficult to tell why these proceedings should have been had in the names of the parties appearing upon the record. What interest the estate of Russell may have had in this matter after the satisfaction of the judgment in favor of Bennett's estate is certainly not shown by the facts in the case. But waiving that matter, and coming directly to the points presented, it should be observed, first, that the question as to whether parts of one judgment can be assigned to different individuals does not arise in this case. All of the instruments executed by Bennett in favor of his several creditors purport to be an assignment of so much of the proceeds of the judgment against Russell, to be paid when collected by the officer or other person authorized to receive the same. There was no attempt to transfer a portion of the judgment itself by the assignment so as to authorize the assignee to proceed in his own name to collect the amount due him, and therefore it is not necessary to express any opinion upon that subject. The simple question was whether there was such an appearance of Reilly, the administrator of Bennett, as to authorize the Circuit Court to act as to him in making the order of distribution.

The order shows that there was an appearance by Lackland, Cline & Jamison, his attorneys. The motion afterwards filed by Reilly to set aside the order does not in express terms deny the authority of these attorneys to appear for him, but simply states the fact that he was not a party to the proceeding and had no notice of it. This motion was afterwards heard by the court, and although there was no specific finding of the facts, yet the presumption is legitimate that this question was determined by the overruling of the motion. These facts being established, the administrator must be concluded thereby and left to pursue whatever other remedy the law may furnish him for the attainment of his rights.

The judgment of the Circuit Court is therefore affirmed. The other judges concur.