## JOHNSON v. LATTA, *Appellant.*

1. **Execution**: JUSTICE'S COURT: NULLA BONA. The certificate of the justice of the peace that there has been a return of *nulla bona* on an execution issued on a judgment rendered by him is only *prima facie* evidence to the clerk of the circuit court for the purpose of issuing execution out of the latter court, and on motion to quash the latter execution it may be shown that the execution in the justice's court was returned before its return day, and this being the case the circuit court execution should be quashed.

2. ———— : ———— : RES JUDICATA. When a motion to quash an execution is sustained and such action is not appealed from, the matters involved therein become *res judicata*, and cannot be re-opened by suing out another execution.

3. **Practice in Supreme Court**: REVIEW OF MOTIONS. The Supreme Court will review decisions of the trial court on motions, although no motion for a new trial was filed.

4. **Justices of Peace**: CHANGE OF VENUE: COSTS. Where a change of venue is taken from a justice of the peace, and costs are taxed under Revised Statutes, section 2956, against the party asking the change, an execution may be issued for *such* costs by the justice granting the change of venue.

*Appeal from Carroll Circuit Court.*—HON. JAMES M. DAVIS, Judge.

REVERSED.

*J. L. Mirick* and *Shewalter & Sebree* for appellant.

(1) Section 2956, Revised Statutes, 1879, does not authorize the justice to render judgment against a party taking a change of venue ; it only gives him the right to "tax" the costs against such party (*i. e.*) to fix the amount. Vide 2 Bouvier's Law Dic., (14th Ed.) p. 579; sec. 2985 1 R. S. 1879, *et seq.*, are the only cases in which the justice can legally render judgment for costs. Justices of the peace can render judgment only in cases especially authorized by statute. The power to "tax" costs given in section 2956, *supra*, was intended as a means

of information for the justice to whom the case is sent. The justice of the peace had no jurisdiction to render judgment for the costs. After a change of venue had been granted he had no jurisdiction over the case. *Henderson et al. v. Henderson et al.*, 55 Mo. 544. (2) Appellant is a housekeeper; (sec. 2689, 1 R. S. p. 450), and need not be married, nor husband, nor father. *Wade v. Jones*, 20 Mo. 75. (3) The levy under the first execution quashed at December term, 1880, upon sufficient property was a satisfaction of it, and made the issuing of another illegal. *Blair v. Caldwell*, 3 Mo. 353. If said execution was wrongfully quashed, respondent should have appealed. (4) The sheriff should have had the land levied on appraised and appellant's homestead set apart. Sec. 2690, 1 R. S. 451; *Vogel v. Montgomery et al.*, 54 Mo. 584. (5) The matters litigated in the present motion to quash were identical with those adjudicated in the first motion to quash, which was sustained and not appealed from, hence the plea of *res adjudicata* in the present motion is good. *Chouteau v. Gibson*, 76 Mo. 49. A judgment not appealed from is conclusive in a second suit, involving the same matters, and it is immaterial what is the form of action or proceeding. *Union R. R. & Transportation Co. v. Trabus*, 59 Mo. 335. (6) There was no sufficient return of *"nulla bona"* by the constable to authorize the circuit clerk to issue the execution sought to be quashed. The execution was issued by the justice December 22, 1880, returnable in ninety days. The return of the constable was made March 16, 1881, eight days too soon. *Dillon et al. v. Rash*, 27 Mo. 243-4. This authority is exactly in point, and is decisive of this case. 1 R. S., sec. 2999, p. 501; sec. 3014, p. 504. (7) It is not necessary to file a motion for a new trial in cases of judgments on motions appealed from. *Stagel v. Murdock*, 65 Mo. 524; *Parker v. R. R.*, 44 Mo. 415; *Parker v. Waugh*, 34 Mo. 340; *Bruce v. Vogel*, 38 Mo. 100.

*Hale & Sons* for respondent.

(1) The second point made in the motion to quash is not sustained, as it was not shown that defendant was the head of a family. Nor is the third ground of the motion well taken, as we have no appraisement law in this state. (2) The fourth ground contained in the motion to quash is, that a former execution on the same judgment had been quashed at December term, 1880. It nowhere appears upon what particular ground the former execution was quashed, and for this reason the fourth ground in the motion to quash was not well taken. (3) The costs of the change of venue were properly taxed to Latta. His liability for these costs was fixed by Revised Statutes, section 2956, and the law does not contemplate that these costs should be certified with the case to the justice to whom the cause is sent. See *State, etc., v. Emmerson*, 74 Mo. 607. (4) There was no motion for a new trial filed; nothing can be considered in this court except matters arising on the record proper.

EWING, C.—Plaintiff sued defendant before a justice of the peace in Carroll county. Defendant filed his affidavit for a change of venue, which was granted and judgment at the same time entered against the defendant for costs, under section 2956, Revised Statutes, 1879. The justice afterwards on the 22nd of December, 1880, issued execution on the judgment for costs, returnable ninety days thereafter. On March 16, 1880, the constable made return of *nulla bona*. On May 15, 1880, a transcript of the justice's judgment was filed in the office of the clerk of the circuit court of Carroll county. On the 21st of August, 1880, an execution issued from the clerk's office of Carroll circuit court on the transcript judgment. At the December term following defendant filed his motion to quash this execution for various reasons, which motion was sustained. Afterwards on the 26th of October, 1881, execution again issued on the transcript judgment and was levied on certain lands of the defendant. On

the 7th day of December, 1881, the defendant filed his motion to quash this execution, setting out as reasons therefor the same reasons alleged in the first motion to quash a former execution issued, as hereinbefore stated, and as additional reason that the questions were *res judicata*, having been presented in the first motion and adjudicated therein and no appeal taken from the judgment thereon.   One of the reasons, common to both motions, was that the execution issuing from the justice was returned too soon, and before the return day thereof. As these two questions will dispose of the case it is useless to look further.

I.   Section 2998 provides for filing transcripts of justices' judgments in the office of the clerk of the circuit court, and section 2999, Revised Statutes, 1879, provides that no execution shall issue out of the clerk's office when such transcript shall be filed, until an execution shall have been issued by the justice, if the defendant resides in the county, and returned *nulla bona*. In *Ruby v. Han. & St. Jo. Ry. Co.*, 39 Mo. 480, it was held that the certificate of the justice of the above facts is *prima facie* evidence on which the clerk of the circuit court may issue execution, but on motion to quash a party may show any defect or irregularity in the proceeding of the justice or constable.   The evidence in the case at bar on the motion seems to be that the justice's execution was returned before its regular legal return day.   And when that appears the execution from the clerk's office is shown to be improvidently issued and should be quashed.   Secs. 2998 and 2999, *supra*.   Judge Scott, in *Dillon v. Rash*, 27 Mo. 243, says :   " Regularly, an execution cannot be returned before the return day."   The defendant may have no property whereon to levy when the execution is returned, but he may acquire it after the return is made.

II.   The matters litigated in the first motion to quash were the same as those set up in the second motion, without the exceptions above noted.   There was judgment on that motion from which no appeal was prosecuted, and those questions are, therefore, *res judicata*. *Chouteau v. Gibson*, 76 Mo. 38.

III.   It is insisted by the respondent that as there was no motion for a new trial filed in this case nothing will be considered except what arises on the record proper.   In *Bruce v. Vogel*, 38 Mo. 100, it was held that this court "will review the decisions of inferior courts on motions, although the points of law determined, should not be specifically stated in the bill of exceptions, and no motion for a new trial made."   *Parker v. Waugh*, 34 Mo. 340 ; *Slagel, adm'r, v. Murdock*, 65 Mo. 522.

IV.   But as this case, upon reversal, may be further proceeded with, it is meet that we pass upon the question which would, in great measure, control any further disposition of the case.   That is the construction of section 2956, Revised Statutes, 1879.   The question is, when a change of venue is taken from a justice of the peace, and costs are "*taxed*" as provided in that section, whether an execution therefor may be issued by the justice who grants the change, and the costs collected thereunder by the constable.   The section provides that when a change of venue is taken, the party applying therefor "shall be taxed with" certain specified costs.   Section 5595, Revised Statutes, 1879, provides that :   "The several officers hereinafter named, and jurors and witnesses, shall be allowed such fees,  * * *  as are hereinafter provided, and the clerks of the courts of record, and the presiding officers of courts of inferior jurisdiction, etc.,  * * *  shall thereupon enter the amount thereof upon their fee books, and the said clerk and the other officers before mentioned, shall, after the term of the court at or before which the services were rendered, if required  * * *  certify a fee bill of such services, and deliver the same to the sheriff, or other officer  * * *  charged by law with the service of executions, who shall proceed forthwith to collect the same  * * *  in the same manner and with like effect, as on an execution."   This section is comprehensive and includes fees for services of officers and witnesses in all courts.

The *State ex rel. Fulkerson v. Emmerson*, 74 Mo.

607, was a case, where, after appeal granted to the Supreme Court, and *supersedeas* bond given, the clerk issued a fee bill for his costs and it was insisted he had no power or legal right to do so. The court held that "if the appellant shall execute a bond as required by the statute it operates as a *supersedeas* and prevents the issuance of any execution to enforce the judgment appealed from. It does not, therefore, follow, that the right of a person who has rendered services in said cause, authorized to be taxed as costs, to demand the issuance of a fee bill therefor, or the duty of the clerk of the court to issue it when demanded, is in any manner interfered with. This right is conferred and this duty is imposed by section 5595, Revised Statutes." That would seem to be sufficient authority to cover the case at bar, because section 5595 applies especially to "presiding officers of courts of inferior jurisdiction" as well as to clerks of courts of record. But this is not all. Section 5624, Revised Statutes, 1879, provides that "justices of the peace may issue fee bills" which, if not paid after demand made, as therein provided, the officer "may and shall levy fee bills on the goods and chattels of such person in the same manner and with like effect as on a *fieri facias*."

The judgment below is reversed and the case remanded. All concur.