STATE ex rel. L. J. MUELLER FURNACE COMPANY, Relator, v. THOMAS B. BUCKNER, Judge of Division No. 1, and of the Assignment Division of the Circuit Court of Jackson County, Missouri, Respondent.

Kansas City Court of Appeals, April 4, 1921.

1. PROHIBITION: Pleading: Motion for Judgment on Pleadings Considered as Demurrer. In a proceeding to prohibit a circuit judge

from interfering with the prosecution of a certain case, a motion for judgment on pleadings operated in the nature of a demurrer to the return and admitted the truth of every allegation thereof which was sufficiently pleaded.

2. **JUDGMENT: Res Adjudicta: Applicable to Other Motions on Same State of Facts for a Similar Order.** The doctrine of *res adjudicata* is applicable to an order disposing of some motions, but is not applicable generally to motions in the course of practice, except perhaps as to any application on the same state of facts for a similar order.

3. ———: ———: **First Decision on Motion Conclusive and Substantially Same Motion Cannot be Renewed Without Leave of Court.** Whether a motion in a given case may be regarded as *res adjudicata*, or otherwise, the first decision upon the same is considered conclusive, and is a bar to a similar maintenance of substantially the same motion upon substantially similar facts, and may not be renewed before either the same, or a different judge, unless leave of court is first obtained to present the same matter again.

4. **MOTIONS: Trial Judge May Refuse to Permit Substantially Same Motion to be Filed Second Time.** A circuit judge was within his rights in refusing to permit substantially the same motion to be filed in the case the second time.

5. **PROHIBITION: Not Writ of Right: Should not Issue Until Trial Judge First Placed in Wrong by Filing Proper Motion and Obtaining Adverse Ruling, where Usurpation of Jurisdiction is Complained of.** A writ of prohibition is not a writ of right, and is granted only in cases where the usurpation of jurisdiction by an inferior tribunal is clear, and one should not be permitted to convict trial judge of usurpation of jurisdiction, because he threatened to punish by contempt the filing of a motion substantially the same as one previously ruled on, without first placing him in the wrong by offering some motion entitled to be filed in cause, and obtaining an adverse ruling thereon.

## Original Proceeding in Prohibition.

MOTION FOR JUDGMENT ON THE PLEADINGS OVERRULED.

*Ross B. Gilluly, Stubenraugh & Hartz* and *M. Defoe Pypes* for relator.

*H. S. Julian* for respondent.

BLAND, J.—The relator herein has filed in this court a petition asking that respondent, who is one of the judges of the Jackson Circuit Court, be prohibited from interfering with the relator herein or its attorney in the prosecution of the case of L. J. Mueller Furnace Company, a corporation, Plaintiff, v. John F. Sayward, trading as Interstate Heating Company, and Alexander Rieger, Defendants, now pending in said court, and praying that this court set aside an order of said judge forbidding plaintiff in said cause, the relator herein, from filing any motion to set aside the order theretofore made in said cause dismissing the same for want of prosecution and to reinstate the cause on the docket of that court. Upon the petition filed by the relator this court issued the preliminary writ; respondent thereupon his return and relator thereafter filed a motion for judgment on the pleadings. It is admitted that this motion operates in the nature of a demurrer to the return and admits the truth of every allegation thereof which is sufficiently pleaded. It is insisted by relator that respondent's return under the rule above stated is defective and raises no issue and that under such circumstances the question to be determined by this court is whether or not the allegations of relator's petition entitle him to the relief prayed for. As we are of the opinion that the petition fails to state any facts justifying the issuance of a writ of prohibition, we accept relator's theory of the matter.

Relator in its petition for a writ of prohibition states that on or about April 30, 1915, it filed a petition in said cause in the Circuit Court of Jackson County, Missouri, at Kansas City; that the basis of said suit was for labor and material furnished by plaintiff to defendants, amounting to $1088.22 for which plaintiff prayed judgment and for which amount it asked for a mechanic's lien on the property described in the petition; that after the issues were made up in the case two trials were had at different times, resulting in a new trial being

granted in each instance; that after the granting of each of said new trials said cause was returned to the general docket and was there on December 20, 1920, on which date it was summarily dismissed by respondent for want of prosecution; that respondent on said last-mentioned date was serving as assignment judge in the circuit court of Jackson County, Missouri, at Kansas City; that on December 31, 1920, the relator through its attorney, M. Defoe Pypes, filed a motion to set aside said order of dismissal and to reinstate said cause on the docket in said court and to assign the cause for trial. The motion alleged as grounds for setting aside said dismissal the following—

"Plaintiff states as the reason for this motion that the undersigned attorney representing plaintiff was out of the city of Kansas City and in the State of Oklahoma from December 6, 1920, and until December 24, 1920 and did not know of the recent order of this court requiring a peremptory call of cases numbered from one to one hundred, thirty-eight thousand and that said order was not known to him or brought to his attention until after his return on December 24, 1920;" that on January 3, 1921, said motion was by the court overruled; that thereafter relator through its attorneys, Studenrauch and Hartz, prepared another and a second motion to set aside said order of dismissal and to reinstate said cause, and on January 8, 1921, Harvey E. Hartz of said firm presented said motion for filing to the clerk of the division of which respondent was judge, being the Assignment Division of said court; that while in the act of filing said motion respondent without examining the same said to said Hartz as follows—

"You cant file that motion in this court. I will not permit you to file any kind of a motion in this case.", and addressing the clerk said,

"Mr. Clark, I want you to strike that pleading which Mr. Hartz has just filed from your files," respondent being at the time under the impression that the clerk

had filed the paper; that said Hartz thereupon left the court room but returned in a few moments, whereupon respondent addressed said Hartz as follows—

"Mr. Hartz, I am not going to permit you to file any papers with the clerk in that case. Mr. Clerk, you make an order striking all papers which Mr. Hartz has filed from your files. If you file anything downstairs, I will hold you in contempt of this court. If you file anything of any kind in this case, either here or downstairs (meaning the Circuit Clerk's office), I am going to punish you for contempt of court.";

that respondent made the following order—

"51st day of November Term, 1920, Saturday, January 8, 1921. Now on this day the court orders that the plaintiff be not allowed to file another motion to set aside the order heretofore made herein dismissing this cause for want of prosecution and reinstating cause on the docket, for the reason that the same has already been passed on.";

that relator on January 7, 1921, in compliance with the rules of the Circuit Court of Jackson County, Missouri, served timely notice on defendant in said cause that he would call up said last mentioned motion for hearing in Division No. 2 of said court on Friday, January 14, 1921; and that—

". . . on account of the verbal orders, directions and threats of respondent hereinabove set forth, your relator avers that it cannot safely or legally present said motion above mentioned, or perform any other act or duty looking to the proper prosecution of said suit without placing itself and its said attorneys in the attitude of disobeying or being in danger of disobeying said orders, directions and threats of said Circuit Court Judge, respondent herein, and that your relator has on this account since said time been unable to lawfully proceed with the proper prosecution of said cause, and will in the future continue to be restrained and prevented from lawfully doing so, unless and until the menace

and danger above mentioned and described is removed.''

Relator further alleges that the things complained of ''were not within the province or jurisdiction of said court; that they were extra-jurisdictional in their nature, and an abuse of judicial power.''

It appears that the Circuit Court of Jackson County at Kansas City had ordered the Assignment Division to make a peremptory call of all cases numbered from one to one hundred, thirty-eight thousand, and that the case in which this relator was plaintiff was among these cases; that when said case was called that it was dismissed for want of prosecution. These matters appear from both motions to set aside the order dismissing the case for want of prosecution and to reinstate the same upon the docket. The second motion filed by Stubenrauch & Hartz alleges that the cause had through no fault of plaintiff been permitted to remain for a long time on the docket without final disposition, and the grounds stated in that motion to set aside the order dismissing the case and to reinstate it on the docket are substantially the same as those set forth in the original motion.

The doctrine of *res adjudicata* is applicable to an order disposing of some motions (Johnson v. Latta, 84 Mo. 139; Reilly v. Russell, 39 Mo. 152; Cantwell v. Johnson, 236 Mo. 575, 603), but is not applicable generally to motions in the course of practice except perhaps as to any other application on the same state of facts for a similar order. [Benz. v. Hines, 89 Am. Dec. 594, 3 Kans. 390; The Commissioners of Wilson County v. McIntosh, 30 Kans. 234, 235, Hoge v. Norton, 22 Kans. 265, 268.] However, whether a motion in a given case may be regarded as *res adjudicata* or otherwise, the first decision upon the same is considered conclusive and is a bar to a similar maintenance of substantially the same motion upon substantially similar facts, and may not be renewed before either the same or a different judge, unless leave of court is first obtained to present the same matter again. [14 Ency. of Pleadings and Practice, 178-181;

28 Cyc. 18, 19.] It is therefore apparent that respondent was within his rights in refusing to permit substantially the same motion to be filed in the case a second time.

However, relator complains of the order of the court to the effect that it would not be permitted to file "anything of any kind in this case" and that if anything was filed that respondent would punish relator's attorney for contempt of court. It will be noted that there was no threat to punish as for contempt an offer to file any paper. No other paper was offered nor has relator suggested here any other paper that it desired to file in the cause that had to do with anything outside of the second motion. A writ of prohibition is not a writ of right. It is granted only in cases where the usurpation of jurisdiction by an inferior tribunal is clear. [State ex rel. v. Seay, 23 Mo. App. 623, 629; State ex rel. v. Calvird, 195 Mo. App. 354, 356, 357.] To be entitled to a writ of prohibition the relator must show a clear claim and an unquestionable right to the writ. [Adair Drainage Dist. v. Quincy, O. & K. C. R. Co., 217 S. W. 70; State v. Thomas, 220 S. W. 702.] The relator should not be permitted to convict respondent of usurpation of jurisdiction without first placing him in the wrong by offering some motion that it was entitled to have filed and obtaining an adverse ruling from the judge upon such offer. [Boutross v. Miller, 223 S. W. 889.]

It would appear from the petition for the writ of prohibition that respondent considered it was improper for relator to file the same motion a second time in the cause pending before him, and that upon an effort being made to file the same (which effort it would appear amounted almost to an insistence as relator's counsel returned a second time), something occurred which resulted in the court exhibiting some feeling in the matter and making broad statements which upon reflection or in a cooler moment might not have been repeated or acted upon. Under the circumstances we think that it was clearly the duty of relator to have offered to file

some motion or paper to which it was entitled. The one it had offered was clearly improper as it had not obtained the consent of the court for the filing of the same. (In justice to the trial judge we will say that in his return he gives a different version of the matter, alleging that he refused merely to permit relator to file the same motion a second time. Of course, we are not deciding the case on anything stated in the return but only upon the petition herein.)

There are some interesting points briefed on the question as to whether relator is entitled to the writ. Among which are: was relator's remedy by appeal from the original order of the court overruling the first motion instead of invoking the extraordinary powers of this court by a writ of prohibition; were not the acts attempted to be prohibited already accomplished and for that reason could not be prohibited; whether from any standpoint the facts may be viewed respondent was not acting without jurisdiction in the matter. It is not necessary for us to go into these questions as we, before reaching them, have decided upon other grounds that relator's petition for the writ states no cause for the granting of the same.

Relator's motion for judgment on the pleadings is therefore overruled. All concur.