STATE OF MISSOURI EX REL. WILBUR BICKFORD, RELATOR, v. E. E. PORTERFIELD, JUDGE, ETC., RESPONDENT.*

Kansas City Court of Appeals. April 2, 1928.

*Corpus Juris-Cyc References: Prohibition, 32Cyc, p. 613, n. 17; p. 614, n. 2.

*Manard & Schwimmer* for relator.

*Joseph E. Gorman* and *N. F. Heilman* for respondent.

WILLIAMS, C.—Relator applied to this court for a writ of prohibition. The court issued the preliminary writ. The case is now before the court upon the petition and the return. The facts necessary to a decision are:

On or about the 20th day of October, 1927, the relator was arrested for violation of a city ordinance and charged with the crime of harboring a vicious dog. A trial was had in the Municipal Court of Kansas City, Missouri, and a fine of $5 was assessed and the dog ordered to be put to death. Relator filed his affidavit and recognizance for an appeal to the circuit court of Jackson county, Missouri. The appeal was lodged in Division A of the criminal court. The city filed a motion to dismiss the appeal. Judge PORTERFIELD, then acting as Judge of the Criminal Division A, dismissed the appeal and further ordered that the judgment of the municipal court as to the execution of the dog be affirmed.

Defendant there, relator here, filed his motion for a new trial and in arrest of judgment which motions were sustained. Thereafter the city filed a motion for a new trial based upon the court's action in sustaining defendant's motion for a new trial. Before this motion was heard Judge PORTERFIELD was transferred to Division 7. On the 9th day of January, 1928, the motion was called up in Division 7 before Judge E. E. PORTERFIELD. Relator objected to the jurisdiction of Judge PORTERFIELD and contended that the appeal was lodged in the Criminal Division A of the circuit court. The objections of the relator were overruled. The city's motion for a new trial, being aimed at defendant's motion for a new trial, was sustained. The relator's appeal from the municipal court to the circuit court, was ordered dismissed and that the judgment of the municipal court be affirmed. After the city's motion for a new trial was sustained and relator's appeal dismissed, a certified copy of the ruling was given to the Chief of Police of Kansas City, Missouri. The dog not being found by the Chief of Police, a motion was filed requiring the relator to show cause why he was not in contempt of the court for failure to produce the dog.

The defendant filed his affidavit for appeal to the Kansas City Court of Appeals and said appeal was allowed.

The petition in this case alleges, among other things, that Judge PORTERFIELD exceeded his jurisdiction when he affirmed the judgment of the municipal court, and again in citing the relator to show cause why he should not be in contempt of court for not producing the dog.

In the return of Honorable E. E. PORTERFIELD, it is not contended that he could do more than dismiss the appeal from the municipal court.

The point is first made that the writ of prohibition will not be used to usurp the office of an appeal. This is a correct principle of law. [Mills v. Calhoun, 234 S. W. 855.] A writ of prohibition is not a writ of right, and will only be awarded where an inferior

tribunal attempts to exceed its jurisdiction. [Mueller Furnace Co. v. Buckner, 229 S. W. 392.]

While, ordinarily, an appeal will serve the purpose of a review, still in this case if, by an excess of jurisdiction, the dog is killed, an appeal will avail nothing. We think that the case of State ex rel. Ellis v. Elkins, 130 Mo. 80, is authority for holding that an appeal is not the only remedy. Unless the writ is issued the judgment of the criminal court stands affirming the judgment of the municipal court.

We think that the preliminary rule should be made absolute prohibiting Honorable E. E. PORTERFIELD from taking any action, or ordering any action, under the judgment rendered in the circuit court. And thus far the writ is made permanent. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.

