BRICE J. MANSFIELD, APPELLANT, v. ROY VEACH, ET AL., RESPONDENTS.
—212 S. W. 2d 90.

Kansas City Court of Appeals. Opinion delivered May 10, 1948.

*R. J. Smith* and *Alan F. Wherritt* for appellant.

*Swofford, Jackson & Shankland, Laurence R. Smith* for respondent Meade.

CAVE, P. J.—Appellant brought this suit in the Clay County Circuit Court on August 14, 1945, against respondent C. Homer Meade as defendant, and on November 3, 1945, plaintiff filed his amended petition, joining as defendant therein respondent Roy Veach. Since the appeal was lodged in this court defendant Meade has died, and the cause revived in the name of his executrix, Charity Meade.

In the original petition and in the second count of the amended petition, plaintiff seeks to recover from Meade the sum of $407.90, which he alleges was due him from the defendant Veach for services rendered Veach for setting up an accounting and bookkeeping system and making federal and state income tax returns for the said Veach. Plaintiff alleged in both petitions that defendant Meade was indebted to him for such services because defendant Veach had sold to defendant Meade his entire stock of goods, furniture, fixtures and good will, without either Veach or Meade giving written notice to all creditors of Veach as required by what is known as the Bulk Sales Law, Secs. 3517-3521, R. S. 1939, R. S. A.

It is conceded that at the time the petitions were filed and ever since that time, plaintiff was and is a resident of Jackson County; defendant Veach was and is a resident of Platte County, and defendant Meade a resident of Clay County, all in Missouri. There was no summons issued for either defendant at the time of the filing of the original or amended petition. But on November 9, 1945, defendant Meade filed a motion to dismiss the second count of plaintiff's amended petition as to him, and, after hearing, that motion was sustained, because: "3. That said amended petition shows on its face that the defendant Meade has no interest in the subject matter of the action against Veach; (4) that it fails to state a claim against defendant Meade upon which relief can be granted." The plaintiff appealed

from that order and this court held that the appeal was premature because there was no final judgment disposing of all the parties. See Mansfield v. Meade, 194 S. W. (2d) 544. The mandate of this court was filed in the trial court on May 31, 1946, and on June 7 summons in attachment and garnishment was issued for defendant Meade, which was returned "non est"; and summons was issued to Platte County for defendant Veach and was served on said defendant by the sheriff of Platte County on June 19, 1946. On July 13 Veach filed motion to quash writ and summons and return thereto, alleging that plaintiff was a resident of Jackson County and he, Veach, was a resident of Platte County, and that the suit had been filed and summons issued in Clay County; that the other defendant, Meade, was no longer a party to said suit, and that the amended petition did not state a joint cause of action against said defendants and that the circuit court of Clay County had no jurisdiction of him (Veach). Said defendant appeared for the purpose of that motion only and did not make a general appearance. Pending that motion plaintiff filed affidavit and bond in attachment and a second writ of attachment and garnishment was issued to the sheriff of Clay County for defendant Meade. The sheriff's return recited that he found no personal property, goods money or other things to attach, but that he delivered a copy of the writ to defendant Meade. Thereafter, plaintiff filed interrogatories to alleged garnishee Meade. On December 9, 1946, the motion of defendant Veach was sustained and the cause dismissed as to him. The court also dismissed the writ of attachment and garnishment and interrogatories. Plaintiff perfected his appeal to this court.

Plaintiff assigns several grounds of error, but they all hinge on the propriety of the trial court in sustaining the motions of the defendants. The cause of action attempted to be stated against defendant Meade is one of personal liability for the alleged debt of defendant Veach because the vendor and vendee did not comply with the Bulk Sales Law. However, this Act does not make the vendee personally liable for the debts of the vendor when there is a failure to comply with the Act. It is unnecessary for us to enter the field of general discussion of the liability of the vendor and vendee for failure to comply with the Act or the actions which may be brought thereunder. This general question is ably discussed in Supply Co. v. Smith, 182 Mo. App. 212, and Riley Penn. Oil Co. v. Symmonds, 195 Mo. App. 111.

The situation here is that plaintiff's amended petition does not state a cause of action against defendant Meade and the trial court properly sustained his motion to dismiss the same. It follows that if the plaintiff's petition failed to state a cause of action against Meade who lived in Clay County where the suit was filed, then defendant Veach, who lived in Platte County, could not be served with process which would give jurisdiction to the circuit court of Clay County,

(unless he waived that question, which was not done in this case). Lieffring v. Birt, 154 S. W. (2d) 597; State ex rel. Dutcher v. Shelton, 249 Mo. 660, 684. The court properly sustained Veach's motion to quash the writ and to dismiss plaintiff's petition as to him.

In support of his argument for the right to sue the vendee directly, plaintiff relies upon the cases of Salia v. Pillman, 49 S. W. (2d) 215; Lomax & Stanley Bank v. Preacher, 30 S. W. (2d) 44; Croft v. Morehead, 293 S. W. 405, and Burnett v. Trimmell, 103 Kan. 130. The Missouri cases cited merely announce the well recognized rule that a judgment creditor can sue in equity to set aside a fraudulent conveyance; but those cases do not hold that the grantee or vendee in such a conveyance is personally liable for the grantor's or vendor's debts and that he may be sued directly for such debts. The Kansas case referred to does not pass on that question, but at page 133 the court said: "Whether a personal judgment could go against Trimmell (vendee) need not now be determined."

The plaintiff urges that if his petition did not state a good cause of action against defendant, Meade, the court erred in not giving him time and an opportunity to amend and plead a good cause of action. There is nothing in the record to indicate plaintiff requested leave to file an amended petition and, under such circumstances, the order of dismissal on the ground that no cause of action was stated against defendant, Meade, is an adjudication upon the merits as well as a dismissal with prejudice; it is a final judgment unless the trial court shall otherwise specify. This question is specifically ruled by the Supreme Court in the recent case of Jones v. Williams et al., in an opinion handed down on March 8, and not yet published. In that case the court disapproves of a contrary holding by the Springfield Court of Appeals in the case of Edwards v. Sittner, 206 S. W. (2d) 578, 580.

Under the old code practice (Secs. 925-948), sustaining a demurrer did not have the effect of dismissing *the cause of action* because plaintiff had the right *as a matter of law* to file an amended petition. But those two sections were repealed by the New Code Act, Laws 1943, page 353, and plaintiff no longer has that right as a matter of law. If he wishes to file an amended petition he should ask leave to do so.

It is also urged that the court erred in dismissing of its own motion the attachment-garnishment process against defendant, Meade, and the interrogatories filed in connection therewith. What we have said disposes of this contention. There was no cause of action properly pleaded nor pending against Meade or Veach at the time the court dismissed the attachment-garnishment process and interrogatories.

The judgment is affirmed. All concur.