E. C. HEARD, Administrator, Estate of Mary L. Heard deceased, Plaintiff-Appellant,

v.

ESTATE of J. Grant FRYE, deceased, Defendant-Respondent.

No. 7806.

Springfield Court of Appeals.

Missouri.

April 27, 1960.

Eugene V. Krell, St. Louis, for plaintiff-appellant.

Vogel & Frye, Wm. H. Frye, Cape Girardeau, for defendant-respondent.

RUARK, Judge.

This is an appeal "from the judgment entered in favor of the * * * defendant, by virtue of overruling plaintiff's motion for new trial on the *29th day of April, 1959*."

On January 3, 1957, plaintiff filed an action against the estate of Grant Frye, deceased. On January 17, 1957, defendant filed motion to dismiss because the petition failed to state facts upon which the relief prayed for could be granted.

On *July 1, 1957,* the motion to dismiss was sustained. On *September 19, 1957,* plaintiff filed a motion to set aside the dismissal and reinstate the cause on the docket. The reason assigned in such motion was that plaintiff had no notice of the hearing on the motion to dismiss and no notice of the court's action in sustaining it.

On *November 4, 1957,* the plaintiff's motion was taken up, submitted to the court, and overruled.

On *November 16, 1957,* plaintiff attempted to appeal from the order of the court overruling the motion to reinstate. We held this to be too late and dismissed the appeal (see Heard v. Estate of J. Grant Frye, Mo.App., 319 S.W.2d 685).

On *February 3, 1959,* plaintiff filed in the circuit court his application for leave to file amended petition. Also on the same date plaintiff filed his motion for new trial (stated to be in the alternative *if* the court should deny the application for leave to file amended petition). The application was set for hearing on February 12 and on that day was argued and taken under advisement. On March 9, the plaintiff's presentiment proved to be correct and the motion for leave to file amended petition was overruled.

On *April 30, 1959,* the plaintiff's motion for new trial was argued, submitted, and overruled, and on the same day he appealed as above stated.

■ In general, the sustaining of a motion to dismiss for failure to state a cause of action, and the dismissal of the case without further order, is a dismissal with prejudice and a final appealable judgment.[1] But if the dismissal is without notice and an opportunity to be heard, it is not an involuntary dismissal which forecloses the plaintiff. Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W.2d 387; Levee District No. 4 of Dunklin County v. Small, Mo.App., 281 S.W.2d 614, and cases cited loc. cit. 617. This was the plaintiff's view when he filed his motion to reinstate on September 19, 1957. The effect of the reinstatement would have been to vacate the judgment of dismissal. The record shows that such motion to reinstate was heard, submitted to the court, and overruled. No motion for new trial was filed. The order was appealable, whether it be considered as a special order after judgment under Section 512.020 RSMo 1949, V.A.M.S., (Mandel v. Bethe, Mo.App., 170 S.W.2d 87; State ex rel. Potter v. Riley, 219 Mo. 667, 118 S.W. 647, 656) or as an independent motion to vacate for irregularity. In re Jackson's Will, Mo.App., 291 S.W.2d 214; Edwards v. Rovin, Mo.App.,

1. Section 510.150 RSMo 1949, V.A.M.S.; Jones v. Williams, 357 Mo. 531, 209 S.W.2d 907; Coyne v. Southwestern Bell Telephone Co., 360 Mo. 991, 232 S.W.2d 377; Frank v. Sinclair Refining Co., 363 Mo. 1054, 256 S.W.2d 793; State ex rel. State Highway Commission v. Shultz,

241 Mo.App. 570, 243 S.W.2d 808; Runnion v. Paquet, Mo.App., 233 S.W.2d 803; Husser v. Markham, Mo.App., 210 S.W.2d 405; Mansfield v. Veach, 240 Mo.App. 617, 212 S.W.2d 90; Granger v. Barber, Mo., 236 S.W.2d 293.

322 S.W.2d 139, 142; Audsley v. Hale, 303 Mo. 451, 261 S.W. 117; Suess v. Motz, 220 Mo.App. 32, 285 S.W. 775; Scott v. Crider, 217 Mo.App. 1, 272 S.W. 1010. Thus the plaintiff has had his day in court on the questions raised by such motion, and the court's judgment on that became final and *res judicata* on the question. Bennett's Adm'r v. Russell, 39 Mo. 152, 90 Am.Dec. 457; State ex rel. L. J. Mueller Furnace Co. v. Buckner, 207 Mo.App. 48, 229 S.W. 392; Drainage Dist. No. 1 Reformed, of Stoddard County v. Matthews, Mo., 234 S.W.2d 567, 572; see 30A Am.Jur., Judgments, § 347, p. 388, § 360, p. 401; Johnson v. Latta, 84 Mo. 139; Snodgrass v. Copple, 203 Mo. 480, 101 S.W. 1090, 1093.

A motion for new trial filed one year and three months after the order denying plaintiff's motion to reinstate comes too late to confer the grace of postponement of finality. Section 510.340. Otherwise there would be no end to litigation.

The judgment is affirmed.

STONE, P. J., and McDOWELL, J., concur.