Edith L. MUNDAY, Plaintiff-Respondent,

v.

E. V. THIELECKE, Defendant-Appellant.

No. 34278.

Missouri Court of Appeals, St. Louis District.

April 25, 1972.

Motion for Rehearing or for Transfer to Supreme Court Denied June 28, 1972.

Application to Transfer Denied Sept. 11, 1972.

Derrick & Holderle, Tyree C. Derrick, Ronald A. McClary, St. Louis, for defendant-appellant.

W. W. Sleater, St. Louis, for plaintiff-respondent.

DOERNER, Commissioner.

This is an appeal from an order of the Circuit Court of the City of St. Louis denying defendant's motion to set aside a

680

judgment because of irregularities patent on the record. Civil Rule 74.32, V.A.M.R. We affirm.

The foregoing motion is but another phase of this action, which began in 1952. In that year plaintiff instituted this suit to partition twenty-one parcels of real estate of which plaintiff and the defendant were co-owners, and for an accounting. The court decreed partition on April 1, 1953, and ordered the property sold. Thereafter, on December 3, 1954, the court held a hearing on the question of the allowance of attorney's fees, and defendant appealed from the allowance made. Munday v. Thielecke, Mo., 290 S.W.2d 88. The Supreme Court, after pointing out that, " * * Appellant, we say, needlessly caused a tremendous amount of time to be expended to litigate questions which his own attorneys advised him would be of no avail * * *", held that " * * * The time has come to pay the fiddler * * *", and approved the allowances in 1956.

In its order of April 1, 1953, the trial court found that defendant was indebted to plaintiff as of November 1, 1951, in the amount of $2,502.92, and directed the defendant to file an accounting of rents and other moneys which he had received from that date. Defendant paid that sum and filed his accounting on March 10, 1955, and on April 15, 1955, plaintiff filed exceptions to defendant's accounting. On May 20, 1955, by consent of the parties, the court appointed William Costello as referee to hear the evidence and make findings of fact and conclusions of law on the plaintiff's exceptions to the defendant's accounting, and ordered the referee to report to the court " * * * with all convenient speed."

As defendant states in his brief, after the order of reference there was nothing done with respect to it until May of 1958, due to the fact that there was an appeal pending in the case from the orders of the court granting attorney's fees to both counsel for plaintiff and counsel for defendant. Munday, supra. The record shows that the hearing before the referee began on May 21, 1958, but was not completed on that day, and adjourned from time to time for the taking of additional testimony, the last adjournment being to July 7, 1958. On that date the death of Mr. Henry Lamkin, the attorney for the defendant was suggested, and the matter was continued to September 8, 1958, to enable defendant to engage a new attorney and to afford the new attorney time to familiarize himself with the case. There is no need to unduly lengthen this opinion by a recitation of the referee's subsequent efforts to have the parties agree to recommence the hearings, and of the defendant's repeated requests for additional time in which to obtain an attorney; of the numerous attorneys who contacted the referee regarding the possibility of accepting employment as defendant's counsel, but who never did so; or, eventually, of the return to the referee of the notices of hearings mailed to the defendant, with the notation "moved without forwarding address." Ultimately, on October 10, 1969, the referee filed his report in which, after detailing the interruption of the hearings and his subsequent efforts to recommence them, he concluded that it was impossible to obtain the cooperation of the defendant, reported that the plaintiff, who had cooperated in all attempts to proceed with the hearing, had waived her right to present further evidence, and recommended that plaintiff's exceptions should be sustained and judgment rendered against the defendant for the full amount as prayed in plaintiff's exceptions.

The record further shows, by a minute entry made on March 13, 1970, that the court set a hearing on March 20, 1970, at 9:30 A.M., for the purpose of entering judgment on the referee's report. On that day, according to the record, the plaintiff appeared but the defendant did not, either in person or by counsel. After a hearing and the presentation of evidence the court, on March 20, 1970, entered a judgment in favor of the plaintiff and against defendant in the sum of $11,652.80, plus interest from June 30, 1952 of $12,410.23, together with

attorney's fees of $4,500.00, and costs. Although the defendant had ignored the unsuccessful attempts of the referee to recommence the hearings, had not filed any exceptions to the referee's report, and had not appeared on March 20, 1970 at the time set by the court for the hearing on the referee's report and entry of judgment, on April 4, 1970, being the fifteenth day after the entry of the judgment, the defendant filed a motion titled "Motion to Set Aside Judgment of Court, or in the Alternative for a New Trial."

The record shows that, while defendant filed that motion on April 4, 1970, he never called it up or presented it, and not having been passed on within the 90 day period, an order was entered on October 14, 1970, deeming the motion denied. Civil Rule 78.04. After his motion to set aside the judgment, or in the alternative for a new trial was denied, defendant took no appeal from the judgment entered in favor of the plaintiff and against the defendant on March 20, 1970.

On April 2, 1971, almost six months after the denial of defendant's first motion, he filed a second, headed "Motion to Set Aside Judgment." The motion recites that it is filed pursuant to § 511.250 and Rule 74.32. The record shows that defendant's motion of April 2, 1971, to set aside the judgment was argued and submitted, that the parties were given time to submit briefs, and that the court denied defendant's motion on June 1, 1971. Defendant's appeal followed.

The gist of defendant's first motion to set aside the judgment, filed on April 4, 1970, was that defendant had not received proper notice with respect to the commissioner's hearing, and had therefore been denied an opportunity to present his defense. In his second motion to set aside the judgment, filed on April 2, 1971, the purported irregularities alleged by defendant were the delay in the filing of the report, the failure of the commissioner to serve the defendant with a copy of his re-

port, the action of plaintiff in causing the judge to enter a "default judgment" against defendant, and the entry of the judgment in excess of that prayed by plaintiff, both as to the amount due from defendant and as to the allowance of attorney's fees. In his brief filed with us defendant has not contented himself with the purported irregularities set forth in his motion of April 2, 1971, and in his points and argument has advanced additional claimed irregularities. Plaintiff has not favored us with a brief, but has filed a motion to dismiss the appeal for claimed violations of Civil Rule 83.09 and 83.05.

We find no merit in defendant's motion of April 2, 1971, to set aside the judgment because of what defendant claims are irregularities, but in disposing of defendant's appeal we need not discuss the grounds for that conclusion. This for the reason that the defendant's motions of April 4, 1970 and April 2, 1971, both involved the same parties, both concerned the same judgment in the one suit, and both sought the same relief, the vacating of the judgment of March 20, 1970, against the defendant. It is beyond dispute that when defendant's motion of April 4, 1970, to vacate the judgment was denied, in accordance with Rule 78.04, defendant was entitled to appeal from the judgment. The record shows that he did not appeal, and the judgment therefore became a final and conclusive judgment. It is true that the grounds for the vacating of the judgment alleged in defendant's motion of April 2, 1971, were not the same as that pleaded in his motion of April 4, 1970; but it is equally true that the purported irregularities alleged in defendant's motion of April 2, 1971, were all matters of record at the time defendant filed his motion of April 4, 1970; were therefore known to him at that time; and could properly have been included in defendant's motion of April 4, 1970. Under what is called estoppel by judgment a final adjudication is conclusive in subsequent proceedings not only as to every issue of

fact which was actually litigated, but also as to every issue of fact which might have been. St. Bethel Missionary Baptist Church, Inc. v. St. Louis Builders, Inc., Mo., 388 S.W.2d 776; State ex rel Ward v. Stubbs, Mo., 374 S.W.2d 40; Reis v. La Presto, Mo., 324 S.W.2d 648. And when defendant filed and presented his motion of April 2, 1971, the trial court was entitled to take judicial notice that the defendant had filed a similar motion on April 4, 1970, that it had been overruled, and that defendant had not appealed after the judgment became final, for all of such matters were apparent on the face of the court's own records. Wells v. Hartford Acc. & Indem. Co., Mo., 459 S.W.2d 253; Se-Ma-No Elec. Co-op v. City of Mansfield, Mo. App., 321 S.W.2d 723.

Defendant has not cited us to any case, nor has our research disclosed one, in which a litigant has been allowed two bites of the cherry merely by shifting the grounds of a second motion to vacate a judgment after a timely motion for the same relief had been overruled and the judgment become final. The defendant was afforded his day in court when he filed his motion of April 4, 1970, to set aside the judgment, which he subsequently failed to call up for a hearing. And since that motion was denied, and the judgment became a final judgment, his second motion of April 2, 1971, seeking the same relief, was barred by the doctrine of res judicata. Reis v. La Presto, Mo., 324 S.W.2d 648; McIntosh v. Foulke, 360 Mo. 481, 228 S.W. 2d 757; Butler v. Manley, Mo.App., 416 S.W.2d 680; Heard v. Frye's Estate, Mo. App., 336 S.W.2d 729. Absent that doctrine there would be no end to litigation. Heard, supra.

Plaintiff's motion to dismiss the appeal is overruled and the judgment is affirmed.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, plaintiff's motion to dismiss overruled and judgment affirmed.

BRADY, C. J., and DOWD, SMITH, SIMEONE, and WEIER, JJ., concur.