Karen SECKEL, (Appellant),

v.

Harvey SECKEL, (Respondent).

No. WD 34209.

Missouri Court of Appeals,
Western District.

Aug. 9, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied Sept. 28, 1983.

Application to Transfer Denied Nov. 22, 1983.

Don Witt, Robert H. Shaw, Witt & Boggs, Platte City, for appellant.

George S. Murray, III, Charles C. Shafer, Jr., Kansas City, for respondent.

Before CLARK, P.J., and DIXON and NUGENT, JJ.

CLARK, Presiding Judge.

This cause and the present appeal are indirectly attributable to a default dissolution of marriage decree entered on the petition of appellant wife September 3, 1981. Following entry of the decree, respondent husband pursued various means to set aside the judgment and ultimately filed a pleading titled "Respondent's Petition In Equity Requesting Setting Aside Default Judgment." After taking evidence, the court entered judgment setting aside the judgment of September 3, 1981 and the wife appeals. Reversed.

The record in this case is a morass of procedural confusion, one ingredient of which is the apparent failure of the trial court to designate and treat the suit in equity, from which this appeal is taken, as a separate case distinguishable from the marriage dissolution action. We therefore note at the outset that the cause filed by respondent husband is not an appendage to the dissolution case filed but is a separate action in equity concluded by a judgment. We review here the disposition of the equitable suit alone and express no opinion on

the merits of past or pending proceedings in the marriage dissolution case itself. No appeal has been sought in that case. That record, however, has been included in the documentation of this appeal and we notice those proceedings only for the factual content.

The record in the dissolution of marriage case commences with the wife's petition which was filed July 22, 1981. Personal service on the husband was accomplished July 27, 1981. No answer was filed by the husband and on September 3, 1981, the case was heard on the wife's evidence and the decree was entered. The husband acknowledges being informed about the decree by September 8, 1981.

The husband took no action in the case until September 21, 1981 when he filed the first of a succession of motions seeking to void the decree. In general, the motions alleged substantially the same grounds, that he had not resisted the dissolution action by the persuasion of the wife to leave the details to her. He further asserted that the wife took unfair advantage of his acquiescence to procure for herself an unreasonable share of the marital assets and an unjust award of maintenance.

This first motion to set aside the judgment was heard October 15, 1981 and on October 28, 1981, the court entered its order overruling the motion. No appeal from that order was taken but the husband filed successive motions January 21, 1982, May 6, 1982, June 17, 1982 and July 12, 1982, claiming the same grounds and asking the same relief. So far as this record discloses, none of those motions was ever called up for disposition and they presumably pend as of this date.

The present suit in equity, the subject of this appeal, was filed July 30, 1982 and a return of service was made on the wife August 5, 1982. With some factual embellishment, the petition restated the allegations originally made in the first motion

filed in September, 1981 contending that the husband had not appeared when the dissolution case first was heard because of fraud practiced by the wife.

Although associate circuit judges have no general jurisdiction in equity matters, this case was assigned to Associate Circuit Judge Owens Lee Hull, Jr. in apparent conformity with a local court rule governing assignment of domestic relations cases.[1] Judge Hull had heard the original dissolution action as a default case and had ruled the husband's first post-trial motion. After hearing the evidence in this case, Judge Hull ordered the judgment in the marriage dissolution case vacated and the wife appeals.

■ Before proceeding to the merits of the wife's points, it is appropriate to note that the judgment entered in the equity action erroneously exceeded the relief sought. In his petition, the husband raised no claim that the marriage was not irretrievably broken. He complained only of the property disposition and the allowance for maintenance. The judgment, however, nullified the entire decree thereby reconstituting the marriage relation. A decree dissolving a marriage is a severable aspect of the judgment in any dissolution case, affecting as it does the prospect of remarriage. Section 452.360, RSMo 1978. Irrespective of other issues, the trial court erred when it ordered the judgment dissolving the marriage vacated when no contest over that question had been presented.

■ In her first point, the wife contends the husband should have been denied relief on his suit in equity because he had previously litigated the same issue in his post-trial motion to set aside the decree and disposition of that motion judicially concluded the dispute. We agree and because subsequent points raised by the wife thereby become irrelevant, they are not discussed.

1. The record in this case has been supplemented by the local court rules of the Sixth Circuit. Suits in equity are not within the original jurisdiction of associate circuit judges but may be heard by assignment. The Sixth Circuit local rule is taken to be sufficiently broad to include assignment of this case. See *Bruske v. Bruske, No. WD 33954* decided concurrently herewith.

As has already been described, the motion filed by the husband in the dissolution of marriage case 18 days after entry of the judgment asserted the ground of fraud practiced by the wife in causing the husband not to appear or secure an attorney to protect his interests. That motion was heard, the relief was denied and no appeal was taken. The subsequent petition in this case, although in different form was, of course, between the same parties, it asserted the same claim and sought the same relief. The court pointed out in *Landes v. City of Kansas City,* 635 S.W.2d 87 (Mo. App.1982), quoting from *Jackson v. Hartford Accident and Indemnity Company,* 484 S.W.2d 315, 321 (Mo.1972), material facts in issue in a former action and judicially determined are conclusively settled by the judgment and may not be again litigated between the same parties regardless of the form the issue may take in the subsequent action. It is immaterial that the two actions are based on different grounds or instituted for different purposes and seek different relief.

The case bears a similarity to *Munday v. Thielecke,* 483 S.W.2d 679 (Mo.App.1972), cited by appellant. There, a judgment had been entered for the plaintiff by default and within 15 days, the defendant filed a motion to set the judgment aside. The motion was not called up and in 90 days an order was entered deeming the motion denied. No appeal was taken. Some six months later, the defendant filed an additional motion to set aside the default judgment. The court observed that defendant was merely shifting his ground to obtain "two bites of the cherry." The second motion was held barred by the doctrine of res judicata.

Respondent husband argues that res judicata does not apply here because disposition of the motion first filed was not on the merits. He contends the trial court refused relief on the ground that jurisdiction to act was lost 30 days after judgment was entered. It is true that dismissal for lack of subject matter jurisdiction is not res judicata as to the merits of the cause, but it is also our entitlement to look behind the

judgment recital in order to determine the cause of the disposition. *Stix & Co., Inc. v. First Missouri Bank & Trust Company of Creve Coeur,* 564 S.W.2d 67, 70 (Mo.App. 1978).

According to the court's docket, the husband's first motion was filed well within the 30 days after entry of the judgment in the dissolution case and at a time when the court unquestionably had jurisdiction to rule the motion on the merits. The notice calling up the motion for disposition, however, was not filed until October 13, 1981 and the hearing was two days later, both dates being beyond the 30 days. On the same basis and under comparable facts, the decision in *Munday v. Thielecke, supra,* holds res judicata to be applicable, the essential point being that the purported loss of jurisdiction was attributable to the lack of diligence of the movant.

The husband's argument that his first motion was not decided on the merits assumes the ground for disposition was want of jurisdiction and assumes also that no other choice was open to the trial court because more than thirty days had passed since the dissolution decree was entered. Neither assumption is necessarily accurate. The court's order suggests, anomalously, that the finding rested both on the merits and because there was no jurisdiction to act.

> "It is the finding of the Court that the Motion of Respondent to set aside the Decree of dissolution previously entered should be overruled. *It is the further finding* of the Court that pursuant to Civil Rule 75.01, the Court has no jurisdiction." (Emphasis supplied)."

Quite apparently, if the court lacked jurisdiction, it could neither grant nor overrule the motion, but should have dismissed the motion as beyond the subject matter jurisdiction to be entertained. Moreover, the reference to Rule 75.01 was inappropriate. Rule 75.01 pertains to the power invested in the court of rendition to vacate or modify its judgment on the court's own initiative and not to remedies available to litigants by

after trial motions under Rules 74 and 78. *Rowe v. Miller,* 573 S.W.2d 145 (Mo.App. 1978).

Finally, a disposition of the husband's motion on the merits, a possible construction of the order above set out, was within the jurisdictional authority of the trial court, notwithstanding the expression of the trial judge to the contrary. *Diehl v. Diehl,* 630 S.W.2d 264 (Mo.App.1982). Whether complaint be as to the absence of express findings in the order or an erroneous conclusion as to the question of jurisdiction, the husband received a full hearing on the motion, a disposition of the motion was made and he sought no review by appeal. He is not entitled to a second opportunity to litigate the same issues in this equity action and the trial court therefore erred in granting relief.

The judgment is reversed.

All concur.